IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS M. HODCZAK; JAMES M. CROSSMAN; THOMAS J. MAGDIC; JOSEPH A. LITVIK, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No. 08-649 |
| LATROBE SPECIALTY STEEL COMPANY, | ) ) | Judge Terrence F. McVerry Magistrate Judge Amy Reynolds Hay |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

I.  RECOMMENDATION

Plaintiffs, Douglas M. Hodczak, James M. Crossan, Thomas J. Magdic and Joseph A. Litvik, on behalf of themselves and others similarly situated, commenced this collective action suit under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621 *et seq*, alleging that defendant Latrobe Specialty Steel Company ("LSS"), discriminated against them because of their age when it terminated their employment in November of 2007. Despite the fact that discovery has not yet issued, LSS has filed two motions for summary judgment arguing, respectively, that it is entitled to judgment in its favor on plaintiff Hodczak's claims because he is unable to demonstrate a *prima facie* case of discrimination, and that the collective action claims are subject to summary judgment because plaintiffs cannot establish a *prima facie* case of pattern and practice discrimination. LSS also argues that summary judgment is appropriate on plaintiffs' collective action claims because there are no other similarly situated salaried employees who could consent to be a party to the action;

there are no other current or former LSS employees who can meet the ADEA's exhaustion requirements; and that plaintiffs' proposed class of "all present salaried employees of Latrobe who are least 40 years of age and who are, therefore, at risk of being terminated by Latrobe" lack standing to bring such a claim.

Plaintiffs have opposed these motions as premature and have filed their own motions pursuant to Federal Rule of Civil Procedure 56(f) in which they ask that LSS's motions for summary judgment be denied or, in the alternative, that the court postpone ruling on the motions until they have had an opportunity to conduct discovery. For the reasons that follow, it is respectfully recommended that plaintiffs' motion to deny summary judgment pursuant to Fed. R. Civ. P. 56(f) on all of plaintiff Hodczak's claims [Dkt. 41] be granted; that defendant's motion for summary judgment on all of plaintiff Hodczak's claims [Dkt. 19], in fact, be denied; that defendant's motion for summary judgment on all collective action claims [Dkt. 15] be treated as a motion to dismiss and be granted; and that plaintiffs' motion to deny defendant's motion for summary judgement pursuant to Rule56(f) on all collective action claims [Dkt. 42] be denied.

II. REPORT

  A. Background

Hodczak was hired by Latrobe Steel Company on July 23, 1973. Complaint ¶ 14 [Dkt. 1]; Answer ¶ 14 [Dkt. 11]. In 1975, Latrobe Steel Company was subsequently acquired by the Timken Company and renamed Timken Latrobe Steel. Timken Latrobe Steel was then acquired by the Watermill Group and Hicks Holdings in 2006 and renamed LSS. Id. at ¶¶ 15, 17. At some point prior to the last change of ownership, Timken Latrobe Steel gave a number of employees, including plaintiffs, the opportunity to retire before the acquisition took place, which

plaintiffs apparently chose to do. Defendant's Concise Statement of Material Undisputed Facts regarding Hodczak's claims ("DSOF-H"), ¶¶ 3, 4 [Dkt. 21]; Plaintiffs' Responsive Concise Statement regarding Hodczak's claims ("PRCS-H"), ¶ 4 [Dkt. 26]; Defendant's Concise Statement of Material Undisputed Facts regarding Collective Action claims ("DSOF-CA"), ¶ 6 [Dkt. 17]; Plaintiffs' Responsive Concise Statement regarding Collective Action Claims ("PRCS-CA"), ¶ 6 [Dkt. 27].[1] On December 9, 2006, after retiring from Timken Latrobe Steel, all of the plaintiffs were offered and accepted employment with LSS; Hodczak, in particular, was hired as a Senior Sales and Marketing Representative. DSOF-H at ¶ 5; PRSF-H ¶ 5; DSOF-CA ¶ 6; PRSF-CA ¶ 6. Hodczak, who had received a series of promotions over the years while employed with these various companies, was again promoted by LSS on October 1, 2007, to Manager of Special Products Division. Complaint ¶ 16, 17; Answer ¶¶ 16, 17; DSOF ¶¶ 8-10; PRCS ¶¶ 8-10.

On November 2, 2007, plaintiffs were each called to the Human Resources Department and informed that they were being suspended without pay because they had been sending and receiving certain material via their LSS e-mail addresses which, according to LSS, violated the company's Electronic Communications Policy. Complaint ¶¶ 18-19, 32-33, 46-47,

---

[1] Although LSS has labeled its statement of the facts as "undisputed," plaintiffs have, in fact, disputed all but four of the twenty facts listed by LSS in support of its motion for summary judgment as to Hodczak's claims and all but one of the fourteen facts offered by LSS in support of its motion regarding plaintiffs' collective action claims. See Dkts. 26, 27. While it does appear that plaintiffs have disputed a number of facts simply for the sake of disputing them, such as where the disputed fact is supported by the complaint, their quarrel with LSS's statement of the facts is largely that they have not had the opportunity to test the veracity of the facts as stated since there has been no opportunity to conduct discovery. Thus, to the extent that LSS complains that plaintiffs have not supported their objections with any evidence they are seemingly unable to do so given the posture of the case.

3

59-60; Answer ¶¶ 18-19, 32-33, 46-47, 59-60.[2]  Almost a week later, on or about November 8, 2007, plaintiffs were informed that their employment was being terminated for the reasons articulated at the time of their suspension.  Complaint ¶¶ 20, 34, 48, 61; Answer ¶¶ 20, 34, 48, 61; DSOF-H ¶ 12; PRCS-H ¶ 12; DSOF-CA ¶ 7; PRSF-CA ¶ 7.

Plaintiffs nevertheless filed the instant complaint on May 13, 2008, bringing a single claim of disparate treatment under the ADEA.[3]  Plaintiffs allege that LSS's stated reasons for terminating their employment are pretext for age discrimination and that their termination was part of a "systematic pattern and practice of terminating older employees."  Complaint ¶¶ 22, 26, 35, 40, 49, 54, 63, 67.  Plaintiffs point to the fact that at the time they were terminated Hodczak was 57 years old, Crossan was 59, Magdic was 58 and Litvik was 60.[4]

LSS now seeks summary judgment on all of plaintiffs' claims to which plaintiffs have responded by seeking relief under Rule 56(f).

B.      Standard of Review

Summary judgment is warranted only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

---

[2]LSS has represented in its Answer, and plaintiffs do not appear to dispute, that the e-mails were sexually explicit in nature.  See Complaint ¶¶ 23, 37, 51, 64 (Acknowledging that "there is an entire culture at LSS" of sending pornographic and/or offensive e-mails, and categorizing those sent by plaintiffs as "less offensive" than those sent by other employees).

[3]Although plaintiffs also brought a disparate impact claim at Count II of the complaint, they moved to voluntarily dismiss that claim on June 16, 2008 [Dkt. 14].  The motion was granted by the court on June 17, 2008.

[4]Of course, this necessarily means that when plaintiffs were hired by LSS in December of 2006, Hodczak was at least 56 years old, Crossan was 58, Magdic was 57, and Litvik was 59.

4

56(c). The moving party bears the initial burden of demonstrating to the court that there is an absence of evidence to support the non-moving party's case. Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986). See Conoshenti v. Public Service Electric & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004). When the moving party has met this burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The mere existence of some evidence favoring the non-moving party, however, will not defeat the motion; there must be enough evidence with respect to a particular issue to enable a reasonable jury to find in favor of the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). See McGreevy v. Stroup, 413 F.3d 359, 363-64 (3d Cir. 2005).

As the standard of review suggests, "the summary judgment process presupposes the existence of an adequate record." Doe v. Abington Friends School, 480 F.3d 252, 257 (3d Cir. 2007), citing Fed. R. Civ. P. 56(c). Accordingly, where a party opposing summary judgment is of the opinion that the record is inadequate and discovery is needed in order to fully address the motion, the party may file an affidavit pursuant to Rule 56(f) setting forth the reasons why it "cannot present facts essential to justify its opposition." Id.; Fed. R. Civ. P. 56(f). See Wheatley v. Guardian Life Insurance Co., 2007 WL 2893383 at *2 (D.N.J. Sept. 28, 2007). Should the court agree, it may either deny the motion for summary judgment or grant a continuance so that discovery my be obtained. Fed. R. Civ. P. 56(f). See Wheatley v. Guardian Life Insurance Co., 2007 WL 2893383 at *3. Although within the court's discretion, where a proper affidavit is filed, "a district court should grant a Rule 56(f) motion almost as matter of course unless the information is otherwise available" to the party opposing summary judgment. Contractors

5

Association of Eastern Pennsylvania, Inc. v. City of Philadelphia, 945 F.2d 1260, 1267 (3d Cir. 1991). See Doe v. Abington Friends School, 480 F.3d at 257 ("If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the [summary judgment] motion"). Either way, it is incumbent on a court to address a pending Rule 56(f) motion before deciding whether summary judgment is proper. Id., citing St. Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1315 (3d Cir. 1994).

    C.    Discussion

        1.    Plaintiff Hodczak's Claims

LSS has filed a motion for summary judgment arguing that it is entitled to judgment in its favor on all of plaintiff Hodczak's claims because he is unable to establish a *prima facie* case of discrimination which, according to LSS, he is required to do having advanced his claim on a pretext theory rather than a "mixed-motives" theory.[5] In particular, LSS contends

---

[5]In a pretext case, the three-stage shifting burdens of proof developed in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) applies. See St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993); Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994). Under this standard, plaintiff has the initial burden of demonstrating, by a preponderance of the evidence, a *prima facie* case of discrimination. Id. Under the ADEA, a *prima facie* case will be found where plaintiff can demonstrate: 1) that he or she was a member of the protected age class; 2) that he or she was qualified to hold the position; 3) that he or she suffered an adverse employment decision; and, typically, 4) that he or she was replaced by a significantly younger individual. Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 330 (3d Cir. 1995). Once the plaintiff has established a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the employment decision. Sempier v. Johnson & Higgins, 45 F.3d 724, 728 (3d Cir.), cert. denied, 515 U.S. 1159 (1995). If the defendant succeeds in articulating such a reason, the burden then shifts back to the plaintiff, "who must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were pretext for discrimination." Marzano v. Computer Science Corp., 91 F.3d 497, 502-03 (3d Cir. 1996), quoting Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). At all times, however, the burden of persuasion remains with the plaintiff. Id. at 503.
    In contrast, in a "mixed-motives" case, the employee must produce direct evidence of discrimination thereby shifting both the burden of production and persuasion to defendant to demonstrate that the same employment decision would have been made regardless of its discriminatory animus. Walden v. Georgia-Pacific Corp., 126 F.3d 506, 512-13 (3d Cir. 1997), cert. denied, 523 U.S. 1074

that Hodczak cannot meet his burden in this regard because he was not replaced by a significantly younger individual. Hodczak has responded by filing a Rule 56(f) motion and affidavit arguing that LSS's motion is premature as he has not had the benefit of any discovery. Hodczak contends that discovery will reveal direct evidence of discrimination and preclude the need to demonstrate a *prima facie* case of discrimination under a pretext theory and that, even if he is required to rely on circumstantial evidence and prove a *prima facie* case, he is not required to show that he was replaced by someone sufficiently younger in order to meet that burden.

In addressing a Rule 56(f) motion, the court must consider what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not been previously obtained. San Filippo v. Bongiovanni, 30 F.3d 424, 432 (3d Cir. 1994), cert. denied, 513 U.S. 1082 (1995), quoting Contractors Association of Eastern Pennsylvania, Inc. v. City of Philadelphia, 945 F.2d at 1266. Because it is undisputed that the parties had not engaged in any discovery at the time the instant motions or the responses thereto were filed, the reason the information sought has not been previously obtained appears clear. As such, the court need only address the first two factors which initially requires the court to consider the affidavit submitted with the Rule 56(f) motion. Contractors Association of Eastern Pennsylvania, Inc. v. City of Philadelphia, 945 F.2d at 1266.

Here, Hodczak has stated in his affidavit that he seeks letters, e-mails memorandum or other writings that likely memorialize discussions amongst LSS management

---

(1998). See Price Waterhouse v. Hopkins, 490 U.S. 228, 244-45 (1989). The evidence at issue, however, must be "so revealing of discriminatory animus that it is not necessary to rely on any presumption from the *prima facie* case" as in a pretext action. Armbruster v. Unisys Corp., 32 F.3d 768, 778 (3d Cir. 1994).

between the time that Hodczak was suspended on November 2, 2007, and his termination on November 8, 2007, as well as the opportunity to depose those individuals involved in the decision to terminate his employment. Hodczak Aff. ¶¶ 10-14 [Dkt. 41-2]. Hodczak also states that, in addition to interrogatories and document requests, he needs to depose Mark Webberding, LSS Vice President of Sales and Marketing; Dan Hennessey, LSS Vice President of Manufacturing; Kevin Brahaney, former LSS Head of Human Resources; and Hans Sack, President of LSS, amongst others, in order "to explore LSS's conduct in identifying the employees that LSS claims had been sending/receiving inappropriate e-mails and in deciding which ones to discipline and how they would be disciplined." Hodczak Aff. ¶ 17. As well, Hodczak has indicated that he seeks information regarding the "identity and number of salaried employees whose employment with LSS has ended at any time during the past several years, the ages of such employees, the stated reason(s) for that separation, whether such separations were voluntary or involuntary," and LSS's termination practices and procedures. Hodczak ¶¶ 20, 22.

Having identified the information he seeks in discovery, the remaining inquiry is whether the information, if uncovered, would preclude summary judgment. While at first blush it does not appear that the information identified by Hodczak speaks to whether or not he was replaced by someone sufficiently younger, which is the only issue raised in LSS's motion for summary judgement regarding Hodczak's claims, Hodczak contends that evidence of discussions that took place amongst LSS's managers would provide direct evidence of discrimination and obviate the need to demonstrate a *prima facie* case of discrimination under a pretext theory all together.

LSS does not dispute that, in the event direct evidence of discrimination is

obtained during discovery, plaintiff would not need to establish a *prima facie* case of discrimination but, rather, point to the affidavits presently submitted by Hodczak and the other plaintiffs in opposition to LSS's motions for summary judgment in which they offer as direct evidence of discrimination certain statements allegedly made by LSS managers. LSS argues that because the statements cited by plaintiffs are nothing more that "stray remarks" and/or are inadmissible and irrelevant, plaintiffs have no direct evidence of discrimination and, therefore, are required to establish a *prima facie* case under the *McDonnell Douglas* shifting-burden framework. Moreover, LSS suggests in its reply brief filed in conjunction with the motion for summary judgment that plaintiffs' failure to allege facts in their complaint establishing a mixed-motives theory somehow precludes plaintiffs from engaging in discovery that might reveal direct evidence of discrimination. LSS argues that to permit plaintiffs to engage in discovery in the hopes that they may find direct evidence without identifying what that evidence is would amount to a fishing expedition at LSS's expense.

The difficulty with LSS's argument is that plaintiffs are not required to identify or plead evidence, direct or indirect, to support their claims at this stage of the proceedings. Rather, as stated by the United States Supreme Court in Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) ("Swierkiewicz"), ordinary rules for assessing the sufficiency of a complaint apply and that under Federal Rule of Civil Procedure 8(a), a complaint "must include only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' [which] must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

9

rests.'" Id. at 512.[6] Indeed, the Court specifically held that a complaint in an employment discrimination suit need not contain specific facts establishing a *prima facie* case of discrimination under McDonnell Douglas, because the framework set forth therein is an evidentiary standard and not a pleading standard. Id. at 510, citing McDonnell Douglas, 411 U.S. at 800. See Texas Department of Community Affairs v. Burdine, 450 U.S. at 252-53 ("In [*McDonnell Douglas,*] we set forth the basic allocation of burdens and order of presentation of proof ..."). See also Cockerham ex rel. Cockerham v. Stokes County Board of Education, 302 F. Supp. 2d 490, 494 (M.D.N.C. 2004)("The role of the *prima facie* case requirement is to set forth the burdens of evidentiary production, a stage which must necessarily follow, rather than precede, discovery").

In so finding, the Court recognized that a plaintiff may not have direct evidence of discrimination when the complaint is filed and that it would be unreasonable under such circumstances to require a plaintiff to plead a *prima facie* case or "more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." Id. at 511-12. Implicit in the Court's finding is that a plaintiff need not plead facts in the complaint to establish either a direct evidence case or a *prima facie* case as long as he or

---

[6]Although the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007) ("Twombly"), has somewhat altered the standard by which a Rule 12(b)(6) motion is reviewed by requiring the plaintiff to alleged enough facts to state a claim for relief that is *plausible* on its face, the Court left Rule 8(a)'s pleading standard intact, reaffirming that the plaintiff need only give the defendant fair notice of what the claim is and the grounds upon which it rests. Id., 127 S. Ct. at 1964-65. Although the Court held that "fair notice" requires the plaintiff to state sufficient facts to raise the right to relief above the speculative level, it reiterated that a complaint need not include *detailed* factual allegations. Id. See Swedron v. Baden Borough, 2008 WL 5051399 at *3-4 (W.D. Pa. Nov. 21, 2008), quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Moreover, the Court expressly rejected the plaintiff's argument that its holding ran afoul of Swierkiewicz. Twombly, 127 S. Ct. at 1973. See Bell v. KA Industrial Services, LLC, 567 F. Supp. 2d 701, 706-07 (D.N.J. 2008).

she has given the defendant fair notice of what the claim is and the grounds upon which it rests, and that the theory upon which the plaintiff ultimately proceeds is dictated by the nature of the evidence obtained during discovery.[7] See Id. at 512 ("This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims").

      Here, Hodczak has alleged in the complaint that he was terminated from his employment because of his age in violation of the ADEA and has detailed the events leading up to his termination, including relevant dates and the names of persons involved in the decision to discharge him, as well as the fact that he was replaced by someone several years younger. The complaint also alleges that LSS has engaged in a pattern and practice of terminating older employees, identifies Hodczak's age and that of the others who were terminated at the same time, and asserts that the reason given for their involuntary separations was pretext for discrimination as the e-mails he sent and received were far less offensive than those sent by other employees. These facts, found sufficient in Swierkiewicz, appear to give LSS fair notice of what Hodczak's claims are and the grounds upon which they rest. See Swierkiewicz, 534 U.S. at 514. As such, the fact that Hodczak has not identified direct evidence of discrimination in his complaint and the fact that the evidence plaintiffs have submitted in an effort to thwart a pre-discovery motion for

---

[7]Although Swierkiewicz involves the shifting burdens of proof in a pretext case, there is no reason to find the same rationale inapplicable to a mixed-motives case or where direct evidence may be at issue. See Price Waterhouse v. Hopkins, 490 U.S. 228, 272 (1989) (O'Connor, J. concurring) (Describing the rule shifting the burden of persuasion to the employer where the employee has produced direct evidence of discrimination as an "evidentiary standard"); Witte v. Rippe & Kingston Systems, Inc., 358 F. Supp. 2d 658, 666 (S.D. Ohio 2005) (Finding that the Supreme Court's conclusion in Swierkiewicz, that the requirements for establishing a *prima facie* case under McDonnell Douglas is not a pleading standard, is equally applicable to direct evidence cases of discrimination and, thus, a plaintiff is not required to plead the elements of the direct evidence standard in the complaint).

summary judgment may not constitute direct evidence, does not preclude the possibility that they may uncover direct evidence during discovery or that they should be given the opportunity to do so. Moreover, as previously pointed out, Hodczak has identified in his Rule 56(f) affidavit the direct evidence he seeks which, if uncovered, would preclude summary judgment absent undisputed proof by LSS that Hodczak would have been terminated regardless of any discriminatory animus. Because it has not been suggested that the direct evidence sought by plaintiffs is otherwise available to them, it appears that plaintiffs' Rule 56(f) motion is properly granted. Contractors Association of Eastern Pennsylvania, Inc. v. City of Philadelphia, 945 F.2d at 1267. See Doe v. Abington Friends School, 480 F.3d at 257, quoting Dowling v. City of Philadelphia, 855 F.2d 136, 139 (3d Cir. 1988) ("[I]t is well established that a court 'is obligated to give a party opposing summary judgment an adequate opportunity to obtain discover'"); Mueller v. CBS, Inc., 200 F.R.D. 242, 244 (W.D. Pa. 2001) (Ambrose, C.J.) (Finding that plaintiffs' motion for summary judgment on the issue of whether defendant engaged in a pattern or practice of discrimination against its older workforce was premature under Rule 56(f) as the parties had not yet engaged in merits discovery).

    Moreover, to the extent that LSS has argued that the circumstantial evidence sought by Hodczak will not preclude summary judgment since he cannot show that he was replaced by someone sufficiently younger, it has failed to address Hodczak's argument that he does not have to show that he was replaced by someone sufficiently younger to establish a *prima facie* case of discrimination but, rather, may prove the fourth prong simply by providing evidence that creates the inference that the adverse employment decision was based on discriminatory criteria. Although to be sure, the majority of cases have found that a plaintiff proceeding under

12

the ADEA has the burden of demonstrating that he or she was replaced by someone sufficiently younger, there is certainly support for the proposition that the fourth prong of the *prima facie* case is a flexible one and may be satisfied simply where the evidence suggests that the plaintiff was discharged because of his age. See Pivirotto v. Innovative Systems, Inc., 191 F.3d 344, 357 (3d Cir. 1999), quoting Torre v. Casio, Inc., 42 F.3d 825, 831 (3d Cir.1994) ("[W]e have repeatedly emphasized that the requirements of the prima facie case are flexible, and in particular that 'the fourth element must be relaxed in certain circumstances ....'"); Johnson v. McGraw-Hill Companies, 451 F. Supp. 2d 681, 695 (W.D. Pa. 2006) ("It is, of course, true that Johnson need not show that he was replaced by a significantly younger individual in order to establish a prima facie case of discriminatory discharge under the ADEA.... In order to surmount this initial hurdle, Johnson need only produce 'evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion'") (internal citation omitted); Grabosky v. Tammac Corp., 127 F. Supp. 2d 610, 620 (M.D. Pa. 2000) ("Having considered the purposes served by a prima facie case, the Supreme Court's holding in *O'Connor*, and cases in the employment discrimination context addressing the precise issue presented here, I am convinced that the Third Circuit would not hold that a plaintiff must show that he or she was replaced by a younger person as part of a prima facie age discrimination case"); Roach v. American Radio Systems Corp., 80 F. Supp. 2d 530, 532 (W.D. Pa. 1999) (Ambrose, C.J.) ("Thus, in order to establish his *prima facie* case, Plaintiff need *not* present sufficient proof that he was replaced by a sufficiently younger person to create an inference of age discrimination. Rather, the facts viewed in a light most favorable to Plaintiff simply must create the inference that he was discharged

because of his age")(emphasis in original).[8] See Perry v. Woodward, 199 F.3d 1126, 1138 (10th Cir. 1999), cert. denied, 529 U.S. 1110 (2000) ("The replacement of a terminated plaintiff with an individual who shares the plaintiff's protected attribute does not necessarily negate the inference that the plaintiff was unlawfully discriminated against").

Nor has LSS discussed the evidence Hodczak has indicated in his Rule 56(f) affidavit that he needs in discovery in order to establish an inference of discrimination, including interrogatories, document requests, and depositions of certain LSS managers to explore how LSS identified the employees it claims had been sending/receiving inappropriate e-mails and who to discipline, as well as information regarding LSS's termination practices and procedures and that of salaried employees whose employment with LSS has ended during the past several years.[9] Rather, LSS merely challenges the evidence Hodczak has presented in response to LSS's motion for summary judgment out of an apparent abundance of caution since he has simultaneously complained that the motion is premature. Whether or not the evidence available to Hodczak pre-discovery is sufficient to create an inference of discrimination, however, does not negate the fact that he has plead sufficient facts in his complaint to entitle him to discover other evidence in an effort to support his claims. As such, plaintiffs' Rule 56(f) motion is properly granted.

---

[8]Chief Judge Ambrose subsequently declined to deviate from the standard fourth prong of a *prima facie* case under the ADEA in Hicks v. Tech Industries, 512 F. Supp. 2d 338, 347-48 (W.D. Pa. 2007), finding that the plaintiff was required to establish that he was replaced by someone sufficiently younger. In so holding, however, Judge Ambrose distinguished Hicks from her earlier decision in Roach, stating that, unlike Hicks, Roach had "presented significant other evidence that his age nevertheless played a role in his discharge." Id. at 348 n.6. Notably, in both cases, the parties had already engaged in discovery and, thus, unlike the instant plaintiffs, had the opportunity to discover evidence that age played a role in their respective terminations.

[9]The court notes that the propriety of any specific discovery requests that plaintiffs may submit is not at issue here.

2. Collective Action Claims[10]

As previously noted, LSS has also filed a motion seeking summary judgment on plaintiffs' collective action claims arguing that: 1) plaintiffs are unable to establish a *prima facie* case of pattern and practice discrimination or that age discrimination was the company's standard operating procedure; 2) there are no other similarly situated salaried employees who could consent to be a party to the action; 3) there are no other current or former LSS employees who can meet the ADEA's exhaustion requirements; and 4) plaintiffs' proposed class of "all present salaried employees of Latrobe who are least 40 years of age and who are, therefore, at risk of being terminated by Latrobe" lack standing to bring such a claim. To support its position, LSS has submitted an Affidavit from Susan Lawson, LSS's Senior Organizational Advancement Analyst, in which she has set forth certain facts surrounding plaintiffs' involuntary separations, the hiring of Mr. Hodczak's replacement, and the nature of the only other four separations that have allegedly occurred since LSS acquired ownership of the company in December of 2006 [Dkt. 18-2].

In response, plaintiffs initially argue that LSS is, in essence, challenging the certification of the collective action rather than seeking dismissal of any substantive claims and that because they have not yet sought certification of the class, LSS's motion is premature.

---

[10]The ADEA expressly adopts the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., which authorizes employees to bring collective age discriminations actions "in behalf of ... themselves and other employees similarly situated." 29 U.S.C. § 216(b) (made applicable to ADEA actions by 29 U.S.C. § 626(b)). Unlike class actions filed pursuant to Fed. R. Civ. P. 23, which requires class members who do not wish to be bound by the action to "opt-out," a collective action brought pursuant to § 216(b) requires the potential members of the putative class to "opt-in" before they can participate in the action. Ruehl v. Viacom, Inc., 500 F.3d 375, 379 (3d Cir. 2007).

Plaintiffs also contend that because no discovery has been exchanged, LSS's motion is the functional equivalent of a motion to dismiss and should be denied because their complaint complies with Rule 8 and contains sufficient allegations to survive a 12(b)(6) motion. Accordingly, LSS filed a reply brief addressing the appropriate standard under which the sufficiency of plaintiffs' complaint should be assessed, concluding that plaintiffs' collective action claims fall short of what is required under Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and Rule 8.[11] We agree.

      As previously discussed, the Supreme Court has recently altered the standard by which the sufficiency of a complaint is reviewed and now requires a plaintiff to alleged enough facts to state a claim for relief that is plausible on its face. Twombly, 127 S. Ct. at 1974. Although the Court maintained that Rule 8(a)'s pleading standard was left intact, it also stated that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief," and that "a plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65, 1965 n.3. See Phillips v. County of Allegheny, 515 F.3d 231. The Court further explained that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "to raise a reasonable expectation that discovery will

---

[11]Although plaintiffs condemn LSS's argument in this regard as an improper reply because it raises new arguments not raised in LSS's opening brief, it appears clear that LSS is merely refuting plaintiffs' argument raised in their responsive brief which, even under the cases cited by plaintiffs, is the proper subject of a reply brief. See In Dehaarte v. City of Newark, 2006 WL 561925 at *2 (D.N.J. March 7, 2006); Rolls-Royce Corp. v. Heros, Inc., 2008 WL 783549 at *5 (N.D. Tex. March 25, 2008). Moreover, having argued that LSS is, in fact, seeking dismissal of the collective action claims under Rule 12(b)(6) because no discovery has yet been exchanged, the court sees no reason why the motion should not be treated as such. Consequently, the court has not addressed plaintiffs' Rule 56(f) motion since the question of whether plaintiffs are entitled to discovery in order to refute a motion for summary judgment is no longer at issue. See Doe v. Abington Friends School, 480 F.3d at 257.

reveal evidence of [the claim]." Id. at 1965.

Here, with respect to their collective action claims, plaintiffs point to paragraphs 26 and 27 of the complaint as satisfying the Twombly standard:

26. Hodczak's termination, along with three other employees in their late fifties or early sixties, on November 8, 2007, is part of a systematic pattern and practice of terminating older employees. LSS has targeted a class of employees over the age of forty for termination based largely, if not exclusively, on their age. In fact, the four that were fired, were among the oldest in the company.

27. Each of the victims of LSS's age discrimination, including each of the three who were terminated with Hodczak, is similarly situated to the others, and Hodczak is similarly situated to all of them.

Complaint ¶¶ 26, 27 [Dkt. 1]. These allegations, however, are devoid of any facts which would support a collective action or which suggest that other class members even exist. Rather, plaintiffs merely conclude that plaintiffs' firings are part of a systematic pattern and practice of terminating older employees without offering any basis whatsoever that would "raise a reasonable expectation that discovery will reveal evidence of" such a pattern and practice or evidence that a class of similarly situated employees who have been victims of the same policy or plan exist. Twombly, 127 S. Ct. at 1965. It therefore appears that plaintiffs' collective action claims are purely speculative and insufficient to state a claim under Twombly.

Moreover, plaintiffs' argument that LSS is, in essence, challenging certification of the class and its motion is premature because they have not conducted discovery on the issue or sought class certification, is misplaced. While discovery may be appropriate in certain cases prior to the notice phase to assist the plaintiffs in identifying potential class members, that does not relieve plaintiffs of their obligation of filing a properly pled complaint in the first instance

17

demonstrating that they are entitled to that discovery. Plaintiffs appear to concede as much by arguing that they have met the Twombly standard and by citing to Brothers v. Portage National Bank, 2007 WL 965835 (W.D. Pa. March 29, 2007), for the proposition that the standard for assessing a motion for class certification is irrelevant where no such motion has yet been filed and that, at the motion to dismiss stage, the plaintiff need only satisfy the requirements of Rule 12(b)(6).[12] Having already found that plaintiffs have not pled any facts in the complaint to support a collective action claim, they have not demonstrated that they are entitled to the discovery they seek and those claims are properly dismissed. See Smith v. Lyons, Doughty & Veldhuius, P.C., 2008 WL 2885887 at *5 (D.N.J. July 23, 2008) (Rejecting plaintiff's argument that dismissal of the class action claims is premature because he has not yet had discovery to uncover facts to support the propriety of class action treatment, finding that "[t]he purpose of discovery is to uncover evidence of the facts pleaded in the Complaint" and "should not serve as a fishing expedition during which Plaintiff searches for evidence in support of facts he has not yet pleaded"); Benoit v. Ocwen Financial Corp., 960 F. Supp. 287, 289 (S.D. Fla. 1997) (Dismissing plaintiffs' class action complaint for failing to comply with Rule 8 where, "the complaint is rife with broad, vague, and conclusory statements that a 'pattern and practice' of discrimination exists," and finding that, "[m]ore is required than the plaintiffs' general 'across

---

[12]Moreover, although the court in Brothers found that the complaint filed in that case satisfied Rule 12(b)(6)'s requirements as the allegations "adequately inform [defendant] of the claims and provide notice that a motion for class certification is forthcoming," it is unclear from the Memorandum Opinion precisely what was alleged in the complaint and what facts plaintiff had set forth in support thereof. Moreover, Brothers was decided before the Supreme Court decided Twombly. In this manner, the other cases cited by plaintiffs are equally unavailing as they too were either decided before Twombly and/or the existence of other class members was evident from the allegations in the complaint so as to withstand a Rule 12(b)(6) motion. See Mueller v. CBS, Inc., 201 F.R.D. 425 (W.D. Pa. 2001); Baas v. Dollar Tree Stores, Inc., 2007 WL 2462150 (N.D. Cal. Aug, 29, 2007); Badgett v. Texas Taco Cabana, L.P., 2006 WL 367872 (S.D. Tex. Feb. 14, 2006).

the board' assertion that defendants have a pattern and practice of discrimination"). Cf. Melendez Cintron v. Hershey Puerto Rico, Inc., 363 F. Supp. 2d 10, 18 (D. Puerto Rico 2005), quoting Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 266-67 (D. Minn. 1991) ("The more thoroughly reasoned cases regarding the appropriate degree of factual support for class allegations prior to authorization of notice require plaintiffs to provide a preliminary factual showing that there actually exists a similarly situated group of potential party plaintiffs. The Court is persuaded by these cases' reasoning for '[a]s a matter of sound case management, a court should, before offering [to assist plaintiffs in locating additional plaintiffs], make a preliminary inquiry as to whether a manageable class exists .... Additionally, a frivolous fishing expedition at the employer's expense is avoided").

   D.    Conclusion

For these reasons, it is recommended that plaintiffs' motion to deny summary judgment pursuant to Fed. R. Civ. P. 56(f) on all of plaintiff Hodczak's claims [Dkt. 41] be granted; that defendant's motion for summary judgment on all of plaintiff Hodczak's claims [Dkt. 19], in fact, be denied; that defendant's motion for summary judgment on all collective action claims [Dkt. 15] be treated as a motion to dismiss and be granted; and that plaintiffs' motion to deny defendant's motion for summary judgement pursuant to Rule56(f) on all collective action claims [Dkt. 42] be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate

19

rights.

> Respectfully submitted,
>
> / s/ Amy Reynolds Hay
> AMY REYNOLDS HAY
> United States Magistrate Judge

Dated: 23 January, 2009

cc: Counsel of Record via CM-ECF