IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS M. HODCZAK, JAMES M. CROSSAN, THOMAS J. MAGDIC AND JOSEPH A. LITVIK, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LATROBE SPECIALTY STEEL COMPANY, <br><br> Defendant. | Civil Action No. 08-649 <br><br><br><br><br> Honorable Judge Terrence F. McVerry <br> Magistrate Judge Amy Reynolds Hay |

**PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION**

> The motion to dismiss the class and collective allegations (but not the claims of the named plaintiffs) seems to rest on the proposition that lawsuits are germs and that *Bell Atlantic Corp. v. Twombly* is penicillin. Just as penicillin does not kill all germs, *Twombly* does not kill all lawsuits, let alone require dismissal of class and collective action allegations in an otherwise legally sufficient complaint.

*Hughes v. Getronics Wang LLC*, No. 07 Civ. 10356 (LAK), 2008 WL 2778885 (S.D.N.Y. July 8, 2008).

### I. INTRODUCTION

On June 30, 2008, Defendant Latrobe Specialty Steel Company ("LSS") filed two separate Summary Judgment Motions: a Motion for Summary Judgment on All of Plaintiff Hodczak's Claims and a Motion for Summary Judgment on All Collective Action Claims. In the former Motion, LSS sought the dismissal of all claims asserted by one of the four representative

4353067

plaintiffs in this age discrimination collective action. In the latter Motion, it sought denial of Plaintiffs' request for treatment of their claims as a collective action.

On January 23, 2009, the Honorable Magistrate Judge Amy Reynolds Hay (the "Magistrate") issued a single Report and Recommendation (the "Report"), in which she recommended denial of LSS's Motion seeking the dismissal of all claims of representative Plaintiff Douglas Hodczak and recommended that LSS's motion seeking the dismissal of all claims of any potential opt-in plaintiffs be granted.[1]

There exist three reasons why the Magistrate's recommendation that the class claims be dismissed should be rejected, and each of those reasons is independently sufficient. First, it is improper to subject the class allegations of a complaint to any sort of Rule 8 analysis—whether on a "pre-*Twombly*" standard or a "post-*Twombly*" standard—in advance of the plaintiffs' class certification motion. Second, it is improper for a court to ignore the summary judgment record before it and treat a filed summary judgment motion as if it were a 12(b)(6) motion, looking only at the sufficiency of the complaint. Third, the class allegations in the Collection Action Complaint filed in this matter more than satisfy the Rule 8 or 12(b)(6) standard discussed in *Twombly*. Plaintiffs therefore object to the Report's disposition of the claims of potential class members (Report at 15-19) as premature and improper, it and urge the Court to deny LSS's Motion for Summary Judgment on All Collective Action Claims. .[2]

---

[1] Plaintiffs have no objection to the portion of the Report recommending the denial of LSS's Motion seeking the dismissal of Plaintiff Hodczak's claims.
[2] This Court's determination of the portion of the Report to which Plaintiffs have objected to is to be *de novo*. *Santee v. United States*, No. 38 CV-07-2207, 2008 WL 4426060 (M.D. Pa. Sept. 30, 2008).

4353067                                                    2

## II.     ARGUMENT

### A.     DISMISSAL OF THE CLASS CLAIMS IN ADVANCE OF A MOTION FOR CLASS CERTIFICATION IS IMPROPER

The Magistrate correctly noted that in opposing dismissal of the class claims, Plaintiffs had taken the position "that LSS is, in essence, challenging the certification of the collective action, rather than seeking dismissal of any substantive claims and that because they have not yet sought certification of the class, LSS's motion is premature." (Report at 15). In rejecting this argument, she stated:

> It therefore appears that Plaintiffs' collective action claims are purely speculative and insufficient to state a claim under *Twombly*.
>
> Moreover, plaintiffs' argument that LSS is, in essence, challenging certification of the class and its motion is premature because they have not conducted discovery on the issue or sought class certification, is misplaced. While discovery may be appropriate in certain cases prior to the notice phase to assist the plaintiffs in identifying potential class members, that does not relieve plaintiffs of their obligation of filing a properly pled complaint in the first instance demonstrating that they are entitled to that discovery.

*Id.* at 17.

However, the entire premise for dismissal of the class claims—that the class claims, themselves, must satisfy the Rule 8 pleading standard addressed in *Twombly*—is fatally flawed. The United States District Court for the Southern District of New York has recently rejected precisely such a contention

> Assuming, as defendants do, that the named plaintiffs have stated legally sufficient claims, the substance of defendants' position is that this nevertheless is not a proper case for allowing them to proceed on behalf of a class or to permit a collective action. *Those contentions properly are considered in the context of a class or collective action determination—they do not go to the legal sufficiency of the complaint.*

*Hughes v. Getronics Wang LLC*, No. 07 Civ. 10356 (LAK), 2008 WL 2778885, at *1 (S.D.N.Y. July 8, 2008) (*emphasis added*).

Thus, the Magistrate's rationale for testing the class allegations against Rule 8 pleading standards is untenable:

> There well may be significant issues as to whether this action should proceed collectively or on behalf of a class. But defendants' preemptive strike is ill-timed. Those issues more properly are considered after the completion of class-related discovery on a properly briefed and supported motion.

*Id.*

Other courts that have addressed the issue have also rejected challenges to class allegations under *Twombly* at this early stage in the litigation.

> The First Amended Complaint in this case sets forth the factual predicates for the Plaintiffs' claims, and indicates that the claims are being asserted on behalf of a class whose membership had not been entirely determined. The later fleshing-out of the claims through disclosure of class members as they become known to counsel is sufficient to bring those claims into the realm of "plausibility." *Twombly,* 127 S.Ct. at 1974.
>
> Accordingly, the Court holds that the claims of the class members should not be stricken on the basis that they do not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

*Equal Employment Opportunity Commission v. University of Phoenix, Inc.*, No. CV-06-2303-PHX-MHM, 2008 WL 1971396, at *5 (D. Ariz. May 2, 2008). *See also Holtzman v. Caplice*, No. 07 C 7279, 2008 WL 2168762 (N.D. Ill., May 23, 2008) ("The court finds the defendant's attempt to dismiss class allegations under Rule 12(b)(6) for failure to meet the *Twombly* standard to be off point.")[3]

---

[3] LSS's Motion was one for summary judgment, which the Magistrate treated as a 12(b)(6) motion. While this "conversion" to a 12(b)(6) motion, itself, is a basis for this Court to reject the recommended dismissal of the class claims (*See* Section II, B, *infra*), for purposes of the present discussion in Section II, A, it matters little if a class certification motion is improperly preempted by a summary judgment motion or a 12(b)(6) motion.

Apparently misunderstanding Plaintiffs' position, the Magistrate stated that by citing to *Brothers v. Portage National Bank*, 2007 WL 965835 (W.D. Pa. March 29, 2007), Plaintiffs appeared to have conceded that they had a duty to satisfy Rule 8 with their class allegations. (Report at 18). To the contrary, *Brothers* stands for four related propositions that collectively refute the Magistrate's analysis:

1. "[A] Court would be remiss … to use [a Rule 12 Motion] as a vehicle for preempting a certification motion,…" 2007 WL 965835 at *7;

2. "By simply proposing to represent all similarly situated … employees who were subject to and harmed by the same policies, [a plaintiff] is entitled to offer evidence to support her allegations…" *Id.*;

3. "Though very general, the allegations in [a] complaint [need only] adequately inform [a defendant] of the claims and provide notice that a motion for class certification is forthcoming", *Id.*; and

4. On a pre-class-certification-motion motion-to-dismiss, "…the Court will not expect at this juncture anything more from Plaintiff than what Rule 12 (b)(6) ordinarily requires: a 'short and plain statement of the claim showing that the *pleader* is entitled to relief.'" *Id*. (*emphasis added*).

Thus, under *Brothers*, as long as a complaint's allegations concerning the *named plaintiffs* are sufficient to satisfy Rules 8 and 12(b)(6), all that is necessary to preserve the collective nature of an action up to the time the plaintiff moves for class certification is to "simply propose to represent all similarly situated employees" and to "provide notice that a motion for class certification is forthcoming." There can be little dispute that the Collective Action Complaint filed in the present case satisfies these minimal requirements.

Decisions in which Courts have applied the standards imposed by Rules 8 and 12(b)(6) in the context of a pre-class-certification-motion motion to dismiss pertain only to the claims of the named plaintiffs, not the class claims. *See e.g. University of Phoenix,* supra at *5 ("The First Amended Complaint in this case sets forth the factual predicates for *the Plaintiffs' claims*…");

*Hughes*, supra, at *1; ("Assuming, as defendants do, that *the named plaintiffs* have stated legally sufficient claims…")

Moreover, the Magistrate's remark that *Brothers* was decided before the Supreme Court decided *Twombly* is misplaced. First, *Hughes*, *University of Phoenix* and *Holtzman*, all of which reject the Magistrate's analytical approach, were all decided after *Twombly* and all of them specifically mention *Twombly* in reaching this conclusion.[4] Second, and more important, it doesn't matter whether a "pre-*Twombly*" or a "post-*Twombly*" analysis is conemtplated because, on a pre-certification-motion motion-to-dismiss, it is improper to subject the class allegations to a Rule8 / 12(b)(6) analysis, at all.

## B. TREATMENT OF LSS'S SUMMARY JUDGMENT MOTION AS A 12(B)(6) MOTION IS IMPROPER

Along with its Motion for Summary Judgment on All Collective Action Claims, LSS filed, as require by Local Rule 56.1, a Concise Statement of Material Facts and a 48-page Appendix of Record Evidence in Support of Motion for Summary Judgment on All Collective Action Claims. ("LSS's Appendix"). LSS's Appendix included the formal EEOC Charges of the four Representative Plaintiffs, along with the 7-page, 44-paragraph Affidavit of Susan Lawson, LSS's Senior Organizational Advancement Analyst. Ms. Lawson's affidavit itself, included two exhibits comprising twelve pages.

Along with their Brief in Opposition to Defendant's Motion for Summary Judgment on All Collective Action Claims, Plaintiffs filed a Responsive Concise Statement under Local Rule 56.1 and a 190-page Appendix in Support of Opposition to Defendant's Motion for Summary Judgment ("Plaintiffs' Appendix"). Included, *inter alia*, in Plaintiffs' Appendix were the complaints and answers filed in a series of no fewer than *five* age-discrimination lawsuits filed

---

[4] Moreover, *Baas v. Dollar Tree Stores, Inc.*, No. C07-3108JSW, 2007 WL 2462150 (N.D. Cal. Aug. 29, 2007), which Plaintiffs cited in their Brief in Opposition to Defendant's Motion for Summary Judgment on All Collective Action Claims (Docket No. 25), was also a post-*Twombly* decision.

against LSS's predecessor, Latrobe Steel Company, a consolidated Order denying defendant's summary judgment motion in those cases, an expert report filed in those cases, and the affidavits of three former LSS employees.

Thus, when the Magistrate considered LSS's Summary Judgment Motion she chose to ignore the factual submissions entirely, and to treat LSS's summary judgment motion as if it were a Rule 12(b)(6) Motion. (*See* Report at 16, n. 11). This was error.

In *Rhodes v. Robinson*, 612 F.2d 766 (3d Cir. 1979), a state prisoner filed a civil rights action. One of his claims was dismissed on defendant's summary judgment motion because the trial court found the allegations of the complaint to be "vague and conclusory."[5] In dismissing this claim, the trial court considered only the complaint. After trial on the remaining claims, the plaintiff appealed, and the Third Circuit rejected the district court's dismissal of that claim.

> The defendants' motion for summary judgment contained their first objection to the lack of specificity in this claim. At this point, the record contained not only the complaint but also defendants' answers and affidavits of the parties supporting and opposing summary judgment. *In this situation, the district court should consider the entire record when determining whether a plaintiff's allegations are vague and conclusory.* The purpose of the requirement of specificity in civil rights complaints is to weed out frivolous and insubstantial claims. … *This purpose is not well served by limiting consideration to the complaint and ignoring later submissions that provide the necessary specificity.*

*Id*. at 772. (*emphasis added*)

Other courts have similarly rejected the practice of eschewing a factually-supported and factually-opposed Rule 56 Motion, and treating it as if it were merely a 12(b)(6) Motion:

> [Defendant] first attacks the sufficiency of Count IV's allegations. [Defendant] objects to what it calls "[c]onclusory allegations of willful and wanton conduct" in Court IV. … However, a motion

---

[5] Significantly, the Magistrate supported her recommendation by citation to a 1997 Southern District of Florida case "[d]ismissing plaintiffs' class action complaint for failing to comply with Rule 8 where, 'the complaint is rife with broad, vague, and conclusory statements that a 'pattern and practice' of discrimination exists.'" (Report at 18). No such factually unsupported, boiler-plate allegations are at issue here.

> for summary judgment is not a proper vehicle to challenge the degree of specificity of [Plaintiff's] amended complaint; the relevant inquiry on this summary judgment motion is whether the *evidence* support [Plaintiff's] allegations of willful and wanton conduct, not whether [Plaintiff] has properly pled these allegations.

*Kalp v. American National Can Company*, No. 90C4910, 1991, WL 111367, at *4 (N.D. Ill. June 14, 1991) (emphasis in original).  *See also, DeFiore v. Vignola,* 835 F. Supp. 249, 251 (E.D. Pa. 1993) ("Under this rule [Rule 56], the district courts are to look beyond the bare allegations of the pleadings to determine if they have sufficient factual support to warrant their consideration at trial.").

Having established that the Magistrate erred in ignoring the record, a review of that record shows that dismissal of the class claims is entirely unjustified.  It is clear from the evidence before the Magistrate that the age discrimination claims asserted on behalf of the class arose from age-motivated dismissals (as opposed to failures-to-promote or harassment, for example.).  Each of the age discrimination cases for which the complaint and answer were included in Plaintiffs' Appendix involved terminations, not other, arguably less severe forms of age discrimination, and the affidavits of former employees Arthur Dira, Robert Sefchick and Kevin Reilly addressed their respective terminations.  It is equally obvious from the record that the class was intended to include employees terminated in group reductions-in-force, as well as individually (compare allegations in the five complaints contained in Plaintiffs' Appendix with Dira, Sefchick and Reilly affidavits.).

The record also reveals that the class is not limited to those who were fired based on any one particular pretext.  Plaintiffs were fired on the pretext of violating an email policy.  (*See e.g.,* Complaint ¶¶ 19, 22).  The plaintiffs in the five actions against LSS's predecessor were fired on the pretext of cost-cutting.  Art Dira was fired on the pretext that he was deliberately undermining efforts to implement organizational changes.  (Dira Aff. at ¶ 6); Bob Sefchick was

fired on the pretext that the company was cutting 10% of its supervisory work force. (Sefchick Aff. at ¶¶ 5-7); Kevin Reilly was fired on the pretext of falsifying expense accounts (*See* Reilly Aff. at ¶¶ 5, 6). This "all pretexts included" approach is consistent with the class definition in the Complaint (*Id*. at ¶ 77), which in no way limits the class based on the company's pretext in firing individual class members.

The summary judgment record in this case also reflects that the class includes those who, in LSS's internal records may nominally be shown to have voluntarily resigned, but who, in fact were terminated and given the "courtesy" of resigning. (*See* Complaint at ¶¶ 20, 34, 48, 61; Dira Aff. at ¶ 5).

Finally, the record makes clear that there are, in fact, other class members. (*See* Affidavit of Susan Lawson at ¶ 31.)

In language that clearly controls the present case, the Third Circuit in *Rhodes* explained why ignoring a summary judgment record in order to rule based only on the sufficiency of the language of complaint is error. "However uncertain [Plaintiff's] complaint may have been, his affidavits thoroughly cure the defect. … The detailed narrative of events in these affidavits fully refutes any characterization of [Plaintiff's] charges as 'vague and conclusory.' … The dismissal of this claim must be vacated." 612 F.2d at 772-73.[6]

### C.   THE COMPLAINT IN THIS CASE MORE THAN SATISFIES *TWOMBLY*

Even assuming *arguendo* that it was proper to dismiss class claims before a class certification motion has been filed and to ignore a summary judgment record so as to rule only on the sufficiency of the complaint, it was still error for the Magistrate to recommend dismissal of the class claims.

After reciting some platitudes from *Twombly* and *Phillips v. County of Allegheny*, 515 F. 3d 231 (3d Cir. 2008), the Magistrate attempted to justify her conclusion that the Collective Action Complaint was deficient:

> These allegations, however, are devoid of any facts which would support a collective action or which suggest that other class members even exist. Rather, plaintiffs merely conclude that plaintiffs' firings are part of a systematic pattern and practice of terminating older employees without offering any basis whatsoever that would "raise a reasonable expectation that discovery will reveal evidence of" such a pattern and practice or evidence that a class of similarly situated employees who have been victims of the same policy or plan exist. *Twombly*, 127 S. Ct. at 1965. It therefore appears that plaintiffs' collective action claims are purely speculative and insufficient to state a claim under *Twombly*.

Report at 17. A fair reading of Plaintiffs' entire Collective Action Complaint renders the foregoing statements utterly untenable. *See Pressure Sensitive Lablestock Antitrust Litigation*, 566 F. Supp. 363, 370 (M.D. Pa. 2008) ("The problem in *Twombly* was not the failure to plead specific or particularized facts; 'rather, the complaint warranted dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'")

The Magistrate held that the allegations of the Collective Action Complaint were insufficient to satisfy *Twombly* which "has recently altered the standard by which the sufficiency of a complaint is reviewed and now requires a plaintiff to alleged [sic] enough facts to state a claim for relief that is plausible on its face." (Report at 16.) The class allegations from the Collective Action Complaint are that:

1. Each of the Representative Plaintiffs was terminated from employment by LSS. (¶ 77)

2. That termination constituted an adverse employment action. (¶ 77)

3. That adverse employment action occurred under circumstances giving rise to an inference of age discrimination. (¶ 77)

4. By so terminating each Representative Plaintiff, LSS violated the ADEA. (¶ 77)

    5. LSS has similarly discriminated against all Class members in affecting the terms and conditions of their employment by terminating their employment. (¶ 77)

    6. The terminations of the Representative Plaintiffs was part of a systematic pattern and practice of terminating older employees. (¶ 77)

    7. This collective action was brought on behalf of all former salaried employees of LSS and who were at least 40 years of age at the time they were terminated. (¶ 77)

    8. The company-wide age-motivated termination practices of LSS attacked in this action include both outright terminations and forced retirements. (¶ 77)

Such allegations as these are hardly "implausible." While the Magistrate provided very little explanation as to why she felt that the allegations of the Collective Action Complaint were not plausible, she did provide two clues. First, she stated that the Complaint contains no fact "which suggest that other class members even exist." (Report at 17)[7] To the contrary, the following allegations of the Collective Action Complaint *all* suggest that other class members exist:

    1. "[C]ompany-wide practices in which Latrobe has engaged which discriminate against its older work force in conducting terminations and forced retirements over an extended period of time …" (¶ 8)

    2. "[A] systematic pattern and practice of terminating older employees …" (¶ 26, 40, 54 and 67)

    3. "Each of the victims of LSS's age discrimination, including each of the three who were terminated with Hodczak, is similarly situated to the others, and Hodczak is similarly situated to all of them." (¶¶ 27, 41, 55 and 68)

    4. "[A]ll former salaried employees of Latrobe whose employment with Latrobe within the United States was terminated by Latrobe and who were at least 40 years of age at the time of such termination …" (¶ 71)

    5. "The Representative Plaintiffs and the Class Members are similarly situated in that they have … been the victims of, … Latrobe's discriminatory conduct by

---

[7] In the same vein, in distinguishing a case previously cited by Plaintiffs, she wrote that in those cases "the existence of other class members was evident from the allegations in the complaint …" (Report at 18, n. 12)

4353067

11

which Latrobe has violated the ADEA by terminating older employees at least, in part, *because* that are older employees." (¶ 72)

6. "LSS has similarly discriminated or will discriminate against all Class Members in the terms and conditions of employment, on the basis of their age, in violation of ADEA." (¶ 81)

In the face of these allegations, the Magistrate's conclusion that the Collective Action Complaint is devoid of facts that even suggest that other class members exist must be rejected.

To the extent that the Magistrate was, *sub silencio*, requiring that the Collective Action Complaint include the allegation that "other class members do, in fact, exist," she is merely mandating the kind of "formulaic recitation" condemned in *Phillips,* 515 F.3d at 231. Moreover, the fact that class members actually exist can, without too much difficulty, be inferred from the allegation: 1) that there are "company-wide practices in which Latrobe has engaged which discriminate against its older work force in conducting terminations and forced retirements;" 2) that LSS engaged in "a systematic pattern and practice of terminating older employees," or 3) that LSS "violated the ADEA by terminating older employees at least, in part, *because* that are older employees." This is critical because it is still true, even in the aftermath of *Twombly,* that "[i]n considering a Rule 12(b)(6) motion, a court must view all of the plaintiff's allegations as true and *construe all inferences in the light most favorable to the non-moving party*." *Moore v. Darlington Township,* Civil Action No. 08-1012, 2008 WL 5339372 at *2, (W.D. Pa. Dec. 22, 2008) (*emphasis added*).

To the extent that the Magistrate, was, in effect, demanding that, to avoid dismissal of the class claims, Plaintiffs explicitly identify individual class members, by name, such a requirement would be grossly improper. *See Equal Employment Opportunity Commission v. University of Phoenix, Inc.*, *supra,* ("The First Amended Complaint in this case sets forth the factual predicates for the Plaintiffs' claims, … The later fleshing-out of the claims through disclosure of class

members as they become known to counsel is sufficient to bring those claims into the realm of "plausibility." *Twombly,* 127 S.Ct. at 1974.") *Id*. at *5.

However, the statement in the Report which is most demonstrative of the Magistrate's error is that "plaintiffs merely conclude that plaintiffs' firings are part of a systematic pattern and practice of terminating older employees without offering any basis whatsoever that would 'raise a reasonable expectation that discovery will reveal evidence of' such a pattern and practice or evidence that a class of similarly situated employees who have been victims of the same policy or plan exist." Report at 17. At the time that she reached this conclusion, she had before her significant evidence of a systematic and historical pattern and practice of terminating older employees (*See* Plaintiffs' Appendix, Exhibits A-1 through A-12, D, E and F) as well as specific evidence that a class of victims of LSS's discriminatory plan exists (*See* LSS's Appendix at Ex. A, ¶ 31), yet she unaccountably chose to ignore it. Her disposition of the class allegations because they allegedly do not suggest that discovery would reveal the very facts she already has before her cannot be consistent with the law.

## III.  CONCLUSION

For the above-stated reasons, the Magistrate's recommendation that LSS's Motion for Summary Judgment on All Collective Action Claims be granted, should be rejected and LSS's Motion should be denied.

                Respectfully submitted,

                OBERMAYER REBMANN MAXWELL & HIPPEL LLP

Date:  February 9, 2008      s/Bruce C. Fox
                              Bruce C. Fox, Esquire
                              Pa. I.D. No. 42576
                              bruce.fox@obermayer.com
                              Rudy A. Fabian, Esquire
                              Pa. I.D. No. 56703
                              rudy.fabian@obermayer.com

        One Mellon Center, Suite 5240
        500 Grant Street
        Pittsburgh, PA 15219
        (412) 566-1500
        Fax: (412) 566-1508

*Counsel for Plaintiffs, Douglas M. Hodczak, James M. Crossan, Thomas J. Magdic and Joseph A. Litvik, on behalf of themselves and all others similarly situated*