IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS M. HODCZAK; JAMES M. CROSSMAN; THOMAS J. MAGDIC; JOSEPH A. LITVIK, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No. 08-649 |
| LATROBE SPECIALTY STEEL COMPANY, | ) ) ) | Judge Terrence F. McVerry Chief Magistrate Judge Amy Reynolds Hay |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court for disposition is the PLAINTIFFS' OBJECTION PURSUANT TO FED.R.CIV.P. 72(A) TO MEMORANDUM ORDER DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF HANS SACK'S HARD DRIVE AND DEFENDANT'S DIGITAL CAMERA, filed at docket entry number 112 (Doc. # 112), with exhibits filed under seal, and the response in opposition filed by Defendants (Doc. # 116).

The matter *sub judice* is one brought by the Plaintiffs under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, following the termination of their employment. Plaintiffs collectively claim that Defendant Latrobe Specialty Steel Company, their employer, discriminated against them due to their respective ages, and replaced them with younger employees. *See generally* Doc. # 1. The discharges[1] of four employees occurred on or

---

[1] The general sequence of events for each defendant was allegedly the same. On November 2, 2007, each apparently met with Defendant's Vice President of Sales and Marketing and a representative from the Human Resources Department and was informed that he was being suspended without pay as a result of improper use of the company's email system. On November 8, 2007, each was summoned to another meeting with a different vice president and the head of the Human Resources Department, and informed that he was being terminated but would be permitted to resign in lieu of termination. It is not entirely clear from the Complaint which of the

around November 8, 2007, and each employee was informed at the time that the decision was a result of violations of what Defendant considered to be improper use of the company's electronic mail ("email") computer system. *Id.* In particular, the alleged improper use by each Plaintiff apparently involved electronic message traffic with content generally characterized as either "offensive" or "pornographic". *Id..* at ¶¶ 23, 37, 51, 64. Plaintiffs aver that such use of the email system was not limited to them, and that there existed "an entire culture at [Defendant] LSS which condones the transmission of inappropriate emails." *See e.g.,* Doc. # 1 at ¶ 64. Defendant generally denies the existence of any such "culture". Doc. # 11. Discovery, including discovery of electronically stored information, has proceeded and, prior to the filing of Plaintiffs' motion to compel, involved, *inter alia*, motions practice over the grant of a protective order, along with a mid-discovery status conference. The entire process of discovery has been managed by the magistrate judge.

By Order of February 4, 2010, United States Chief Magistrate Judge Amy Reynolds Hay denied Plaintiffs' motion to compel the discovery of a hard drive previously used by Hans Sack, as well as a digital camera, along with the camera's memory cards, that Plaintiffs claim was used to photograph sexually explicit conduct by another former employee of the company. *See* Doc. 111, Memorandum Order. Plaintiffs timely filed their objections to the February 4, 2010 Order. Plaintiffs contend that the decision of the magistrate judge is clearly erroneous because (i) it impermissibly restricts the scope of discovery; and (ii) the magistrate judge simply "missed the point of why such discovery was sought." # 112.

---

four Plaintiffs opted to resign, and which, if any, were outright discharged. Doc. # 1. The precise factual circumstances of the Plaintiffs' separations from employment with Defendant are of no consequence for the purpose of this opinion.

The Court finds that both these arguments are without merit and will dismiss Plaintiffs' appeal of the February 4, 2010 Memorandum Order.

**Standard of Review**

The Federal Magistrates Act provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive matters, *see* 28 U.S.C. § 636(b)(1)(B)-(C), and (2) and (ii) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a), (b); Local Civil Rule 72.1.3; *see also Cipollone v. Liggett Group, Inc.*, 875 F.2d 1108, 1113 (3d Cir. 1986) *cert. denied*, 484 U.S. 976 (1987). A magistrate judge's decision to deny a request for a motion to compel discovery is a nondispositive matter that must be reviewed by the district court under a clearly erroneous standard.

A finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer,* 470 U.S. 564, 573 (1985); *Republic of Philippines v. Westinghouse Elec. Corp.*, 132 F.R.D. 384, 387 (D.N.J.1990) (*quoting United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Under this standard, a reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently. *Toth v. Alice Pearl, Inc.,* 158 F.R.D. 47, 50 (D.N.J. 1994).

"Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan,*

183 F.R.D. 119, 127 (D.N.J. 1998).  The deferential standard is particularly appropriate in the case where the magistrate judge has managed the case from the outset and developed a thorough knowledge of the proceedings.  *Id*. at 127.  Such is the case here.

In this case, because there is no issue of law in the dispute, this Court will review the decision of Chief Magistrate Judge Hay under an abuse of discretion standard.

### Discussion

Plaintiffs argue that Magistrate Judge Hay erred when she denied their request to compel the production of the hard drive, digital camera, and memory cards, along with the forensic examination of the hard drive.  However, the Court finds that the decision of Chief Magistrate Judge Hay not to compel the production of the sought items to be well within the bounds of her discretion in managing the discovery in this case.  The Court notes the extent to which electronic discovery has already occurred under the management of the Chief Magistrate Judge, to include the search of over four hundred thousand (400,000) electronic mail messages of more than two hundred (200) salaried employees, seeking images or keywords defined in a discovery protocol suggested and ultimately agreed to by Plaintiffs.   Accordingly, the Court finds and rules that Chief Magistrate Judge Hay's determination not to compel the production of the requested hard drive, camera, and memory cards to be neither  "clearly erroneous or contrary to law."

### Conclusion

For the hereinabove reasons, the Court will affirm the February 4, 2010 Memorandum Order issued by Chief Magistrate Judge Hay.   An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS M. HODCZAK; JAMES M. CROSSMAN; THOMAS J. MAGDIC; JOSEPH A. LITVIK, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No. 08-649 |
| LATROBE SPECIALTY STEEL COMPANY, | ) ) | Judge Terrence F. McVerry Chief Magistrate Judge Amy Reynolds Hay |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, this 9th day of March, 2010, it is hereby ORDERED, ADJUDGED AND DECREED that the February 19, 2010 objections to the Chief Magistrate Judge's decision filed by Plaintiffs are **DENIED.**

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge


cc:   Honorable Amy Reynolds Hay
      United States Chief Magistrate Judge

      All Counsel of Record by electronic filing