# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS M. HODCZAK, JAMES M. CROSSAN, THOMAS J. MAGDIC AND JOSEPH A. LITVIK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LATROBE SPECIALTY STEEL COMPANY,<br><br>Defendant. | 2:08-cv-649 |

## MEMORANDUM ORDER

Pending before the Court are DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM ORDER DATED AUGUST 10, 2010 (Document No. 160). The Objections have been thoroughly briefed by both sides (Document Nos. 163, 164, 165, 166) and are ripe for disposition.

This is an age discrimination case. Plaintiffs were terminated from their employment by Defendant Latrobe Specialty Steel Company ("LSS"), for allegedly sending graphic and sexually explicit emails on company time and equipment. Plaintiffs contend that this expressed reason was a pretext insofar as other LSS employees, including senior management personnel, engaged in similar conduct and were not terminated. In their effort to establish pretext, Plaintiffs intend to introduce testimony from a former LSS employee, Gene F. Zurawsky, regarding the conduct in which the alleged comparators engaged and the discipline meted to them. Plaintiffs apparently also propose to introduce other statements allegedly made by LSS executives to Zurawsky regarding personnel decisions. Defendant's motion for summary judgment is pending.

1

LSS filed a motion to "preclude Plaintiffs from (1) proffering Zurawsky's testimony in support of their case and (2) using, in any way, directly or indirectly, the information disclosed by Attorney Zurawsky." LSS asks the Court to preclude: (a) any reference to LSS personnel decisions relating to any employees; (b) any reference to five particular individuals; and (c) any references to comments allegedly made by Hans Sack to Zurawsky. In essence, Defendant argues that LSS and Zurawsky had an attorney-client relationship, and therefore, that his testimony would violate his duties under the Pennsylvania Rules of Professional Conduct 1.6(a) and 1.9(c) and/or the attorney-client privilege. LSS further argues that counsel for Plaintiffs in this action have violated Pennsylvania Rules of Professional Conduct 4.2 and 4.4 by obtaining evidence from Zurawsky.

On August 10, 2010, Magistrate Judge Amy Reynolds Hay issued a ten-page Memorandum Order which denied the evidentiary motion in limine filed by LSS. Magistrate Judge Hay thoroughly reviewed the evidentiary record developed by both parties and concluded that LSS had failed to establish the essential prerequisite that an attorney-client relationship existed between LSS and its employee, Zurawsky. Instead, Magistrate Judge Hay found that any advice provided by Zurawsky was in his business capacity as a high-level executive in the company and she credited Zurawsky's deposition testimony that he had never provided legal advice to LSS.

All parties agree that the applicable standard of review is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As recently explained in *Bell v. Lockheed Martin Corp.*, 2010 WL 3724271 (D.N.J. September 15, 2010), under this standard of review:

> the magistrate judge's findings should not be rejected even if the district court could have decided the matter differently. *See Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 68 (D.N.J. 2000) (a district court's "simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review"); *Toth v. Alice Pearl, Inc.,* 158 F.R.D. 47, 50 (D.N.J. 1994). Moreover, there is particularly broad deference given to a magistrate judge's discovery rulings, especially when the magistrate judge has managed the case from the outset and developed a thorough knowledge of the proceedings.

A party's failure to present an argument to the magistrate judge constitutes a waiver of that argument on appeal to the district court. *See Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 209-13 (D.N.J. 1997).

The factual finding of the Magistrate Judge that Zurawsky and LSS did not have an attorney-client relationship was not clearly erroneous. "Application of the privilege can be difficult when the client is a corporation seeking legal advice regarding a business transaction and when the client's attorney is in-house counsel who wears " 'two hats' " by performing a dual role of legal advisor and business advisor." *S.F. Pacific Gold Corp. v. United Nuclear Corp.*, 175 P.3d 309, 319 (N.M. App. 2007). The Magistrate Judge fairly and thoroughly considered the record, including the evidence that tended to show that Zurawsky was acting in a legal capacity. In particular, the Magistrate Judge persuasively explained why she refused to credit the self-serving, non-detailed "verifications" submitted by LSS executives as to their subjective belief that an attorney-client relationship existed. Accordingly, the finding of Magistrate Judge Hay will be affirmed.

There are a number of additional difficulties with the position espoused by Defendant. Even if the Court were to conclude that the Rules of Professional Conduct were implicated, the Court agrees with the Magistrate Judge that those Rules do not constitute substantive law which would govern the admissibility of evidence in court proceedings. *See Commonwealth v. Chmiel*,

738 A.2d 406, 415 (Pa. 1999) ("The rules that govern the ethical obligations of the legal profession (presently, the Rules of Professional Conduct) do not constitute substantive law.") Similarly, LSS has not adequately addressed the implications of the apparent fact that the information about which Zurawsky will allegedly testify has become "generally known." *See* Memorandum Order at 4 n.2 (LSS does not dispute that the information is "generally known"). If the information at issue is indeed "generally known," such would certainly complicate the ability of LSS to assert the attorney-client privilege. *See Love v. New Jersey Div. of Youth & Family Services,* 2010 WL 715357 *2 (D.N.J. 2010) (citations omitted) (attorney-client privilege is waived when privileged information is disclosed to third parties). Moreover, LSS' concession is difficult to reconcile with its present assertion that Plaintiffs have wrongly obtained "confidential information." Also problematic has been the focus of LSS upon Zurawsky's job duties in general, as opposed to evidence that Zurawsky was acting in an attorney capacity when he obtained the specific information which LSS seeks to exclude from evidence. In other words, even if Zurawsky wore his "attorney hat" at certain times while employed by LSS, LSS has failed to establish that he was wearing his "attorney hat" when he obtained the information about which he will allegedly testify. Finally, the relief requested by LSS is substantially overbroad. Even assuming, arguendo, that the attorney-client privilege would apply, it would protect only against disclosure of attorney-client <u>communications</u>, and would not protect disclosure of the underlying <u>facts</u>. *See, e.g., Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981). Plaintiffs are certainly entitled to present facts regarding the conduct in which the alleged comparators engaged and the discipline meted to them, in support of their theory of the case, and the Court is entitled to consider such information in ruling upon the pending summary judgment motion.

In accordance with the foregoing, DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM ORDER DATED AUGUST 10, 2010 (Document No. 160) are **DENIED**.

SO ORDERED this 5th day of October, 2010.

**BY THE COURT:**

**s/ Terrence F. McVerry**
**United States District Court Judge**

cc: Bruce C. Fox, Esquire
Email: bruce.fox@obermayer.com
Rudy A. Fabian, Esquire
Email: rudy.fabian@obermayer.com

Thomas S. Giotto, Esquire
Email: thomas.giotto@bipc.com
Jaime S. Tuite, Esquire
Email: Jaime.Tuite@bipc.com
Joseph F. Quinn, Esquire
Email: joseph.quinn@bipc.com
Erin J. McLaughlin, Esquire
Email: erin.mclaughlin@bipc.com
Mark R. Hornak, Esquire
Email: mark.hornak@bipc.com